MEMORANDUM **
Bankruptcy debtors Roger and Christine Fearing (“the Fearings”) appeal pro se from the district court’s affirmance of the bankruptcy court’s summary judgment in trustee David Seror’s action seeking a declaration that the Fearings were not entitled to proceeds from the sale of the Fearings’ former residence. We review de novo the district court’s grant of summary judgment. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). We have jurisdiction under 28 U.S.C. § 158(d). We affirm.
The facts of this case are known to the parties and we do not repeat them here.
*330 Contrary to the Fearings’ assertion, the bankruptcy court had subject matter jurisdiction over this dispute.
The bankruptcy court correctly determined that the Fearings are not entitled to any proceeds derived from the sale of their former residence based on California’s homestead exemption.
The Fearings are collaterally estopped from challenging the bankruptcy court’s order authorizing the sale of their former residence. See Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
We do not consider the Fearings’ argument concerning whether their tax debts should be paid before bankruptcy administrative expenses. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.